JOHN SMITH, Respondent, *v.* MARTHA SMITH, Appellant.

125 224
144 112

A parol agreement to give a lien upon land to be expended in improving it, followed by an advancement and actual expenditure of the money in the manner contemplated, is so far performed that equity will enforce it, and the Statute of Frauds is no defense to an action brought for that purpose.

In 1863, plaintiff conveyed, through a third person, to his wife, certain real estate, upon which he resided with his family, without consideration and for the purpose of securing its benefits to his family. Plaintiff thereafter informed defendant that he had some money drawing a low rate of interest, and that by building upon the premises he could realize a large income. Defendant assented to the erection of the proposed building, and stated that if plaintiff became embarrassed in any way he could sell the building; " that it was at his disposal at any time." Plaintiff, relying on this arrangement, erected the building proposed, thereby increasing the value of the premises; he continued to manage the property and collected the rents as he had done before, applying the proceeds, after paying taxes, insurance and for repairs, to the support of the family, until a disagreement occurred between the parties. In an action brought by plaintiff to determine his rights in the premises, *held*, that he was entitled to a lien thereon for the amount so expended by him, with interest from the time he ceased to collect the rents; that the arrangement between the parties was in effect that plaintiff should erect the building as an investment, and amounted to an agreement upon defendant's part that he should have a lien, which agreement equity would enforce.

Defendant claimed upon appeal that the relief sought should not be granted until plaintiff first accounted to her for so much of the rents received by him as was used for the support of the family. *Held*, that

as the point was not presented below, it could not be availed of upon appeal.

*It seems* the claim would not have been tenable, if it had been properly presented, as the property was deeded to defendant evidently with the understanding that the income should be used as it had been before for the benefit of the family, and it having been so used with the knowledge and assent of defendant.

Reported below, 51 Hun, 164.

(Argued December 10, 1890; decided January 13, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made the first Tuesday of November, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellant. The gravamen of the complaint relates to a reconveyance of property which had passed from the plaintiff to the defendant, to which the plaintiff claimed to be entitled by virtue of a parol promise to reconvey. This agreement was properly adjudged void by the trial court, under well recognized authorities. (*Sturtevant* v. *Sturtevant,* 30 N. Y. 30 ; *Wheeler* v. *Reynolds,* 66 id. 234.) The arrangement relied upon by the plaintiff being void by the Statute of Frauds, cannot be enforced in equity, there being no fraud or mistake, no acts of performance taking the case out of the statute, and no equitable estoppel. (*Norton* v. *Norton,* 17 N. Y. S. R. 487 ; *Ashley* v. *Mead,* 3 Lans. 116 ; *Jones* v. *Walker,* 63 N. Y. 612 ; *Marquat* v. *Marquat,* 7 How. Pr. 417 ; *Stoddard* v. *Hart,* 23 N. Y. 556 ; *Williams* v. *Hill,* 19 How. [U. S.] 246 ; *Clabaugh* v. *Hagerty,* 7 Gill [Md.], 334 ; *Payne* v. *Wilson,* 74 N. Y. 348–352 ; *Burdick* v. *Jackson,* 7 Hun, 488 ; *Wheeler* v. *Reynolds,* 66 N. Y. 227 ; 2 Pom. Eq. Juris. §§ 805, 812 ; *T. B. Co.* v. *Sherman,* 86 N. Y. 230, 231.) The relation between the plaintiff and defendant being

that of husband and wife, and the contract sought to be implied as a basis for the relief granted, being void at law, it cannot be enforced in equity until the plaintiff has first done equity to his wife, by accounting to her for the rents and profits of her lands collected by him. (3 Pom. Eq. Juris. § 1234; 1 Jones on Liens, 628; *Hendricks* v. *Isaacs,* 117 N. Y. 411–416; *Dean* v. *M. E. R. Co*, 119 id. 545; *Comstock* v. *Johnson,* 46 id. 615; *Canfield* v. *Fairbanks,* 63 Barb. 461; *Curril* v. *Cawles,* 6 Bosw. 452; 1 Pom. Eq. Juris. § 387; *Munson* v. *Harpending,* 91 N. Y. 653; *Loos* v. *Wilkinson,* 113 id. 496, 498.)

*Charles G. Baldwin* for respondent. Courts of equity regard a promise to give a lien as security as creating an equitable lien which will be enforced as against the party promising to give the lien and those who claim under him who are not innocent purchasers. (1 Pom. Eq. Juris. 373, § 1237; *Husted* v. *Ingraham,* 75 N. Y. 251; *Hale* v. *O. N. Bank,* 49 id. 626; *Willets* v. *Brown,* 42 Hun, 146; *Perry* v. *Bd. of Missions,* 102 N. Y. 105; *Freeman v. Freeman,* 43 id. 34.) The Statute of Frauds has no application to this branch of the case, the contract in question does not meet the condemnation of that statute for the reason that it is an executed contract, fully executed and performed by plaintiff. (*Ryan* v. *Dox,* 34 N. Y. 307; *Sandford* v. *Norris,* 4 Abb. Ct. App. Dec. 144.) The defendant in this action is estopped from claiming the benefit and advantage of improvements placed upon her property by the plaintiff, without paying for them, even though the agreement creating the lien in question was void. (*King* v. *Thompson,* 9 Pet. 204; 3 Duer, 273; 32 N. Y. 426; 1 Story's Eq. Juris. §§ 692, 694, 700, 797.) The Statute of Limitations has no application to the case at bar. The statute does not begin to run in actions on trusts until the trust is openly repudiated. (80 N. Y. 538; 58 id. 204; 50 id. 337.) The fact that the parties to this action are husband and wife does not affect the question of the enforcement of an equitable lien. (*Gardner* v. *Gardner,* 22 Wend. 526.)

O'Brien, J.    The plaintiff sought by this action to compel the defendant, who is his wife, to convey to him certain real estate of which she holds the title, or to have a lien in his favor declared thereon.    The courts below have held that he was entitled to the lien, but not to the conveyance, and as there is no appeal except by the defendant, it is only necessary to examine the grounds upon which the right to such lien was based.

In the year 1863 the plaintiff was the owner of the real estate described in the complaint, and concerning which the relief was demanded.    On the twenty-first of September in that year he conveyed it through a third party to the defendant, who has ever since held the title, though the plaintiff has managed it and collected the rents and applied what was not expended in the payment of taxes, insurance and necessary repairs to the support of the family.    The consideration expressed in the deed is $25, but it is quite evident that it was a voluntary transfer of the property by the husband to the wife without consideration, and for the purpose of better securing its benefits to the family.    The parties to this action have ever since resided upon the property as husband and wife, renting such portions of it as were not necessary for their own use.

It was found by the Special Term, upon sufficient evidence, that in the spring of 1879 the plaintiff informed the defendant, his wife, that he had some money in the bank drawing only three and a half per cent interest, and that by using it in building a block on a portion of the premises he could realize a larger income from this money.    The defendant replied that it would be a good thing; that he could go on and build there, and that "if he got any ways distressed in any shape or manner he had a right to sell the block; that it was at his disposal at any time."    The plaintiff replied that it was all right, and that he would go on and build it.    It is also found that relying upon this arrangement the plaintiff, with his own means, and at an expense of $4,500, constructed a brick block upon a portion of the land which enhanced its

value to the extent of the sum so expended, and that the management of the property ever since by the plaintiff, the collection and receipt of the rents, and the disposition made by him of the same, was with the defendant's knowledge and consent. It was held that the plaintiff was entitled to have a lien declared upon the land for the sum so expended by him with interest thereon from March 1, 1887, the date when the plaintiff ceased to collect the rents in consequence, apparently, of some disagreement between the parties. We think that the judgment is correct. It would be contrary to equity to permit the defendant, under the circumstances, to hold the property without subjecting it as security in some form to the expenditures made upon it with her knowledge and consent. She was informed by her husband that he had money invested at low interest which could be used in improving the property in such way as to yield a much larger income to him. From what was said she is chargeable with knowledge of his intentions to expend the money only for the purpose of making a more profitable investment, and with this knowledge on her part she permitted him to erect the building. Unless the transaction gave him some claim or lien upon the property he had, of course, no investment at all after he drew the money from the bank and used it in the construction of the block. The defendant had no right to understand from what was said that her husband intended to make a gift of the money to her by expending it upon the property. What was said and done amounted to an assent on the part of the wife, that in case the husband used the money in constructing the block on the land, of which she was the owner, his money would, at least, be as safe to him as it was before. Her remark that he had the right to dispose of the block at any time in case he became in any way distressed, has no point or significance unless it is construed as an assent on her part that he was to have a lien, and, consequently, a right to sell in virtue of the expenditure which he contemplated making upon the property. The transaction was, in substance, an agreement on her part to give such a lien in case the expenditure was made.

Upon the findings made by the trial court, the plaintiff, acting in good faith, and in reliance upon this promise, expended his money, and the defendant has had the full benefit thereof, so that in equity she ought to pay for the same.

We do not conceive it to be necessary to quote at length from the elementary books upon equity jurisprudence, or from the adjudged cases the language in which the principles are expressed that sustain the judgment in this case. A citation of these authorities is sufficient. (1 Story Eq. Juris. § 388; 2 id. § 1237; 3 Pom. Eq. Juris. 233; *King's Heirs* v. *Thompson,* 9 Pet. 204; *Chase* v. *Peck,* 21 N. Y. 581; *Freeman* v. *Freeman,* 43 id. 34; *Hale* v. *Bank,* 49 id. 627; *Husted* v. *Ingraham,* 75 id. 255; *Perry* v. *Board,* 102 id. 99.)

It is urged in support of this appeal that the husband cannot invoke the power of a court of equity for the purpose of obtaining relief until he first does equity by accounting to her for the rents received by him, and which were used for the support of the family, an obligation which the law imposes upon the husband alone. That point was not specifically raised at the trial, and for that reason alone should not now prevail to reverse the judgment. It does not appear, however, what sum, if any, remained of the rents after the payment of taxes, insurance, repairs and interest on the $4,500. That balance, whatever it was, is all that can be said to have been used by the husband for the payment of family expenses. It was the income of property that formerly belonged to the husband, and which he deeded to the wife without consideration, and it was accepted by her, evidently, with the tacit understanding on both sides that the income should be used as it had been before, and as it actually was used to some extent, for the benefit of the family. This is apparent from the conduct of the parties, for the husband, notwithstanding the conveyance, continued to manage the property and collect and use the rents as if the transfer had never been made, and in this, so far as appears, the wife acquiesced. The wife having assented to the disposition which her husband made of the rents, cannot now change her position and ask him to account

to her therefor. His application of some part of the rents to the support of the family was not, under all the circumstances, inequitable as against his wife, but her refusal to give him a lien or security for the money expended in building upon the property was. This favorite maxim of equity does not, as it seems to us, apply to this case. An agreement to give a lien upon land to secure money to be expended in improving it, followed by an actual expenditure of the money, and the improvement contemplated, is so far performed that equity does not regard the Statute of Frauds as a defense to an action to enforce the agreement. (*Freeman* v. *Freeman, supra; Burdick* v. *Jackson,* 7 Hun, 488; Pom. Specif. Perf. § 30.)

We think the judgment is based upon correct principles, and that it should be affirmed, with costs.

All concur, except RUGER, Ch. J., and FINCH, J., dissenting. Judgment affirmed.