### GESCHEIDT *v.* DRIER *et al.*

(*Supreme Court, General Term, Second Department.* February 8, 1892.)

MORTGAGES—PAYMENT—SERVICES PERFORMED BY MORTGAGOR.

A contract that the mortgagor shall pay the interest on the mortgage, and attend to and take care of the mortgagee when she shall be sick, in the future, and that when she dies the mortgage shall be the property of the mortgagor, is valid, and, being performed, operates as a satisfaction of the mortgage. *Rhodes* v. *Rhodes*, 3 Sandf. Ch. 279, followed.

Appeal from special term, Westchester county.

Action by Albert F. Gescheidt, executor, etc., against Frederica Drier and another, to foreclose a mortgage. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*L. C. & W. P. Platt*, for appellant.    *Wilson Brown, Jr.*, for respondents.

BARNARD, P. J. The plaintiff is the executor of Eva Schmidt. The defendant Frederica Drier, on the 31st of May, 1887, executed and delivered to the deceased testatrix a bond and mortgage for $2,000. Subsequently, on the 13th of August in the same year, she executed and delivered to her another mortgage, for $160. Eva Schmidt died the 4th of August, 1890, having in her possession, at the time of her death, both bonds and mortgages. The plaintiff seeks to collect these by foreclosure and sale of the mortgaged property. The evidence shows that Frederica Drier was a niece of the deceased. This niece had been on friendly terms with the deceased, and had rendered services to her in sickness. The answer avers that after the making of the bonds and mortgages the parties made an agreement that if the mortgagor should attend to and take care of the mortgagee when she was sick, in the future, and pay the interest on the $2,000 as long as the mortgagee lived, the mortgages,—both of them,—when she died, should belong to the mortgagor; that no interest was to be paid on the $160 bond and mortgage. This agreement is proven in part by Adelaide Herman, a witness for plaintiff, with whom the testatrix lived on two separate occasions. The agreement is fully proven by Katy Matheson. It seems that there was an agreement that the testatrix should live in the house built with the money borrowed of her,—$2,000 and $160; that, after it was finished, she did not move in, because she did not like Mr. Drier, but that that fact would make no difference; that the niece must attend to her and nurse her when sick, and after her death the house would be free. This is fully proven by the witnesses Drier and Henry Schmidt; by the witnesses Gibhard, Engle, Mr. and Mrs. Crowley, and Morris Bunstein. These several witnesses generally establish that the niece either did, or that the testatrix admitted a performance of the agreement on the part of Mrs. Drier. The contract is good, within the case of *Rhodes* v. *Rhodes*, 3 Sandf. Ch. 279. *Hamer* v. *Sidway*, 124 N. Y. 538, 27 N. E. Rep. 256; *Smith* v. *Smith*, 125 N. Y. 224, 26 N. E. Rep. 259. The judgment should therefore be affirmed, with costs.