Alfred C. Dodge, Appellant and Respondent, v. Nelson Miller, Respondent and Appellant.

*Parol contract for the sale of real estate — when relieved from the Statute of Frauds — assignment thereof — equitable lien — action for specific performance — discretionary relief — granted, only subject to equities.*

The right of a vendee to the specific performance of a parol contract for the sale of real estate, of which there has been such a part performance as to relieve it from the Statute of Frauds, may be transmitted, for the purposes of equitable relief, to another by assignment.

The loan of money to the owner of real estate upon his parol promise to secure it at some future time by mortgage upon the land, is not effectual to create an equitable lien upon the premises. The promise, without something further, would be within the Statute of Frauds and void.

An action brought to obtain the specific performance of a parol contract to sell real estate, of which there has been such a part performance as to relieve it from the Statute of Frauds, is addressed to the sound discretion of the court; the party seeking the relief must come into court with clean hands; and, seeking equity, must do equity. Such discretion should not be arbitrary or capricious, but its exercise is qualified by the application of recognized principles.

By a parol contract for the sale of certain real estate, one Miller agreed to convey to Jones certain premises on the payment to him of $120. Jones went into possession and erected a house on the premises, and made to one Dodge a written assignment of his interest in the contract and premises as security for the payment of an indebtedness to him. In the meantime Miller had loaned and advanced to Jones $520 to aid him in the erection of such house, upon the promise of Jones that he would pay Miller or secure to him the amount so loaned as soon as he (Miller) could give him a deed of the premises. Dodge took the assignment from Jones with knowledge of such indebtedness of Jones to Miller.

In an action brought by Dodge against Miller for the specific performance of the parol contract between Miller and Jones,

*Held*, that there had been such part performance of the parol contract to sell real estate as relieved it from the Statute of Frauds for the purposes of equitable relief;

That Dodge took the assignment from Jones subject to the equities existing between Jones and Miller;

That a judgment providing that on payment to Miller of the $120 and interest, Miller should convey the premises to Dodge subject to his (Miller's) judgment against Jones for the amount of money loaned by Miller to Jones, was equitable and proper.

CROSS-APPEALS by the plaintiff, Alfred C. Dodge, and by the defendant, Nelson Miller, from portions of a final judgment of the Supreme Court, entered in the office of the clerk of the county of Livingston on the 12th day of April, 1893, upon the decision of the court rendered after a trial at the Livingston Special Term, adjudging that the defendant deliver to the plaintiff a good and sufficient deed of certain premises upon the plaintiff's paying to him $120, with interest, and that such deed be made subject to the judgment in favor of the defendant against one Frank Jones, and awarding the costs of the action to the defendant.

The action was brought for specific performance of a parol contract between the defendant and Frank Jones, by which the defendant agreed to convey certain premises to Jones on payment by him of $120. The latter went into possession and erected a house on the premises. He made to the plaintiff a written assignment of his

interest in the contract and premises as security for the payment of his indebtedness, etc., to him. In the meantime the defendant had loaned and advanced to Jones $520 to aid him in the erection of the house. The court found that the money was loaned to Jones upon his promise that he would pay the defendant or secure to him the amount so loaned as soon as the defendant could give him a deed of the premises, and that the plaintiff took the assignment from Jones with knowledge of such indebtedness to the defendant.

The court determined that on payment to him of the $120 and interest, the defendant by deed convey the premises to the plaintiff subject to the defendant's judgment recovered against Jones for the amount of money so loaned to him, and that if the judgment be not paid within the time specified, the defendant might, by virtue of an execution issued upon his judgment, cause the premises to be sold.

The defendant appeals from the judgment and the plaintiff appeals from so much of it as makes the conveyance subject to the defendant's judgment against Jones and permits a sale upon execution, also from the award of costs to the defendant.

*C. A. Norton* and *E. A. Nash,* for the plaintiff.

*Geo. W. Daggett,* for the defendant.

BRADLEY, J. :

The only proposition urged in support of the defendant's appeal is that the plaintiff could not by the assignment to him effectually take the relation and rights of vendee which Jones had to the parol contract with the defendant. It is not questioned that there had been such part performance as to relieve it from the Statute of Frauds for the purposes of equitable relief, but it is insisted that such relief is available to Jones only. No reason appears why the equitable right to specific performance perfected in him might not be transmitted by assignment to the plaintiff, and the execution of the contract in his behalf directed. The subject of the controversy mainly is whether the defendant's judgment for the money advanced by him to Jones is entitled to or should have priority to the claim of the plaintiff.

When the parol agreement of sale to Jones was made the defendant's title was incomplete, but he contemplated perfecting it, and

did so after the assignment to the plaintiff, and thereupon tendered a deed to Jones and required him to pay the purchase money and the amount of money so loaned to him or secure the payment of it by mortgage on the premises. This Jones declined to do. It may reasonably be supposed that the defendant having the legal title advanced the money to Jones to aid him in the erection of the house upon the land, as the value of it thus enhanced would be adequate security for the loan and with a view of having the benefit of it as such. He would not, however, have a vendor's lien for the money so loaned unless it could be treated as a part of the purchase money. If the legal title had been in Jones, the loan of money to him upon his parol promise to secure it by mortgage at some future time upon the land, would not have been effectual to create an equitable lien upon the premises. The promise without something further would be within the Statute of Frauds and void. (2 R. S. 134, § 6.) The English doctrine, that the deposit of title deeds as security for money advanced constitutes an equitable mortgage, has been recognized in this State. (*Rockwell* v. *Hobby*, 2 Sandf. Ch. 9; *Chase* v. *Peck*, 21 N. Y. 581, 584.)

In the present case Jones had no muniment of title. The evidence does not permit the inference that the money loaned by the defendant to Jones became a part of the purchase money of the premises. And it is not seen that an equitable mortgage or lien is supported by the fact that the defendant in his relation of vendor held the title in trust for Jones.

The difficulty with the defendant's claim of lien is that his loan was made upon the mere oral promise of Jones to secure it when he obtained the title.

In *Smith* v. *Smith* (51 Hun, 164), cited by the defendant's counsel, money was expended by the plaintiff in the erection of a building upon premises pursuant to an arrangement with the owner that he should have a lien upon it for the amount so expended, with the right to sell, if necessary, for his protection. It was there held that the lien was not dependent upon the agreement alone, but was also founded upon the fact that it would be repugnant to natural justice to permit the owner of the legal title to retain the building without compensating the plaintiff for the money so expended by him.

This was affirmed. (125 N. Y. 224.) While in the case at bar the facts do not establish an equitable lien in behalf of the defendant, enforcible by affirmative action on his part, there is, in view of the fact that the money was advanced to aid in the erection of the house on the premises and on Jones' promise to so secure it, an equity which the court may recognize in an action for specific performance of the parol contract. An action for such relief is addressed to the sound discretion of the court in such sense that the party in pursuit of it must come into court with clean hands, and seeking equity must do equity. Such discretion is not arbitrary or capricious, but its exercise is qualified by the application of recognized principles. (*Seymour* v. *Delancey*, 6 Johns. Ch. 222; 3 Cow. 445.)

The circumstances, as found, of the advance of the money to Jones, were such as to legitimately bring the subject within the consideration of the court. The purpose of it in its relation to the premises in question, and the promise and faith of the contemplated security upon which the loan was made, were such as to justify as between the defendant and Jones the direction of the court that the amount be paid or secured, pursuant to the understanding, as a condition of granting specific performance on the contract in behalf of the latter. (*Canajoharie Church* v. *Leiber*, 2 Paige, 43; *Sutphen* v. *Fowler*, 9 id. 280.)

And upon the facts found by the trial court the plaintiff took the assignment from Jones subject to the equities between him and the defendant. (*Reeves* v. *Kimball*, 40 N. Y. 299.)

The judgment, therefore, should be affirmed, without costs of this appeal to either party.

Dwight, P. J., Lewis and Haight, JJ., concurred.

Judgment appealed from affirmed, without costs.