### WARD v. HASBROUCK et al.

(Supreme Court, Appellate Division, First Department.   October 20, 1899.)

1. EVIDENCE—LETTERS.
> Exclusion of a letter offered by the sender, on the mere showing that it was mailed, without showing the address to which it was mailed, or that he had prepaid postage, or how it came to be still in his possession, is not error, this not being sufficient to warrant the presumption that the party to whom it was addressed ever received it.

2. SAME—LEASE—GUARANTY.
> In an action against an alleged guarantor of rent, exclusion of letters amounting to a lease is error, proof of the lease being the basis of the claim against the guarantor.

3. STATUTE OF FRAUDS—WRITTEN GUARANTY.
> Under the statute of frauds, requiring promise to answer for the debt of another to be in writing, the writing need not be made at the time of making the contract; nor need it be on one paper, if it is clear from the papers that they refer to the same transaction; nor need the papers be delivered to the promisee.

Appeal from trial term, New York county.

Action by Mary M. Ward against Price W. Hasbrouck, impleaded with another. There was a judgment for defendants, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

Henry M. Ward, for appellant.
John A. Straley, for respondents.

RUMSEY, J. This action was brought to recover certain arrears of rent upon a lease alleged to have been made by the plaintiff and one Charles H. Webb. Plaintiff claims that Hasbrouck guarantied the payment of the rent. No question is made upon the nature of the promise of Hasbrouck,—whether collateral or original; nor do we determine anything on that point, because it is not material to this appeal. The question presented arises solely upon exceptions taken upon the rulings of the court in rejecting testimony offered, and upon the dismissal by the court of the complaint at the close of plaintiff's case. It appears that on the 7th day of December, 1892, Webb took a lease of offices in a building, Nos. 165 and 167 Broadway, owned by the plaintiff, until the 1st day of May, 1893, with the option of the renewal of the lease at the time the first rent became due after that time. The lease was renewed by Webb, but a portion of the rent upon the new lease was not paid, and it is to recover this unpaid rent that this action is brought. When the original lease was made, Hasbrouck and Webb went to the office of the plaintiff's agent, and had a conversation in regard to leasing the office, in which, at the request of Hasbrouck, the terms upon which the premises would be leased until the 1st of May, 1893, were stated to him, and it was further stated by the plaintiff's agent "that they might have an option upon the office at $2,500 a year for three years from the 1st day of May, 1893." It was stated by Hasbrouck that these terms were satisfactory, and thereupon the lease was closed. The plaintiff offered in evidence a letter dated the 27th of January, 1893, addressed to Hasbrouck, calling his attention to the fact that the option given to Hasbrouck for one year from May 1st at $2,500 per annum would expire on the 1st day of February. He testified that he mailed this letter to Mr. Hasbrouck, but he was unable to account for the fact that, although he had mailed it to Hasbrouck, he had the original letter in his possession. The court, upon these facts, excluded the letter, and the plaintiff had an exception. We think this ruling was not incorrect. There was the mere statement of the plaintiff's agent that he had mailed the letter, without showing the address to which it was mailed, or that he paid the postage on it; and that statement was insufficient, in view of the fact that the plaintiff herself had the letter in her possession after it was written, to warrant the presumption that Hasbrouck had ever received it. For that reason the ruling of the learned court in that respect was correct. The plaintiff offered in evidence the letters passing between Francis E. Ward, her agent, and Webb, dated the 30th and 31st of January, 1893. These were

objected to, and excluded, upon the ground that they were irrelevant and immaterial as to the defendant Hasbrouck. Taken together, the letters amount to a lease by the plaintiff to Mr. Webb of the office occupied by him from the 1st of May, 1893, to the 1st day of May, 1894, at a rent of $200. As the defendant Hasbrouck was liable upon a collateral contract of guaranty, it was necessary for the plaintiff to establish that there had been a contract between herself and Webb for the lease of the premises, and the objection taken that the letters were irrelevant and immaterial was not well taken, because the contract between herself and Webb lay at the very basis of the claim alleged against Hasbrouck. There could have been no contract of guaranty for the rent upon the part of Hasbrouck until it was shown that there was a contract between the plaintiff and Webb for the lease of the premises. Of course, although such a contract had been shown, Hasbrouck would not be liable until the plaintiff made further proof that he agreed to guaranty the payment of the rent. But the first step in that direction consisted in showing that there was a contract of leasing, the rent for which was to be guarantied by Hasbrouck. The letters were clearly competent, although, standing alone, they would not be sufficient to make a complete case against the guarantor.

The plaintiff further offered two other letters written by Hasbrouck, one dated 31st of January, 1893, and one of the 3d of June of the same year. These two letters, taken together, would have shown that Hasbrouck knew of and consented to the lease for one year from May 1, 1893, at $200 a month, and that he was liable for the rent for that time at that rate. The objections to the letters were not well taken. It is not necessary that the writing required by the statute of frauds to prove a contract of guaranty should be made at the time of making the contract, because the writing is only requisite to make valid proof of the contract. Neither is it necessary that the proof should be in one paper, but the contract may be shown by any number of papers taken together, provided that it is clear from the papers themselves that they refer to the same transaction. It was not necessary, either, that the paper relied on should have been delivered to the promisee. Peabody v. Speyers, 56 N. Y. 230, 237; Gibson v. Holland, L. R. 1 C. P. 1. These two papers, if taken together, would have established the liability of Hasbrouck for the rent. They should, therefore, have been received in evidence. For the error of the court in excluding them, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.