### WARD v. HASBROUCK.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

APPEAL—PRESENTATION OF QUESTION IN TRIAL COURT.

    In an action on a lease against the lessor and one claimed to be a guarantor, the appellate court will not determine whether the promise of the party charged as a guarantor was an original or collateral promise, where the plaintiff declared on the promise as a collateral one, and tried the case on that theory, and on argument conceded it to be a collateral promise.

    Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Mary Ward against Price W. Hasbrouck and another. From a judgment in favor of plaintiff and from an order denying a new trial, defendant Hasbrouck appeals. Affirmed.

Argued before PATTERSON, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

John A. Straley, for appellant.
Henry M. Ward, for respondent.

PATTERSON, P. J.　In this record, as it now comes before us, evidence appears which was rejected on the first trial, and for the rejection of which a judgment in favor of the defendant Hasbrouck was reversed on a prior appeal.　In commenting upon the ruling of the court rejecting that evidence, and in determining that it was competent, we held that it would have the effect of establishing a liability of the defendant Hasbrouck as a guarantor of the rent stipulated to be paid by the defendant Webb under his agreement with the plaintiff.　Ward v. Hasbrouck, 44 App. Div. 32, 60 N. Y. Supp. 391.　The record on the present appeal, which is from a judgment in favor of the plaintiff, shows the contract made between Mrs. Ward as lessor and Webb as lessee.　The contract of guaranty by Hasbrouck is established by the letters and correspondence admitted in evidence on the trial now under review, in conformity with our previous decision.　No new question is raised on this appeal, but we are asked to define Hasbrouck's relation to the transaction, as on the former appeal we said that no question was made upon the nature of the promise of Hasbrouck, whether collateral or original.　As the plaintiff has declared upon the promise as a collateral one, has tried the case upon that theory, and upon the argument before us has conceded that it was collateral, for all the purposes of this decision we so regard it.

The judgment and order appealed from should be affirmed, with costs.

RUMSEY, J., concurs

McLAUGHLIN, J.　I concur on the ground that the question was determined by the former decision of this court.　But for this decision, I should entertain a different view.

INGRAHAM, J., dissents.