(107 App. Div. 564.)

SCHERMERHORN v. GARDENIER.

(Supreme Court, Appellate Division, Third Department. September 26, 1905.)

1. LIENS—EQUITABLE LIENS—ENFORCEMENT.

Defendant advanced to plaintiff's testator supplies and moneys to enable the latter to carry on farming operations, under an agreement that the crops raised should be delivered to defendant for sale and that defendant should retain his advancements out of the proceeds of the sale and pay over the balance. Testator died after the crop had been harvested, and thereafter plaintiff delivered the crops to defendant for sale, without, however, intending to fulfill the contract between defendant and testator. *Held*, that defendant had an equitable lien on the produce of the farm to the extent of the advancements made by him, which he was entitled to enforce as against plaintiff, and in the absence of intervening rights of bona fide purchasers or attaching creditors, by retaining his advancements out of the proceeds of the sale of the crop.

2. SAME—VALIDITY OF LIEN—NECESSITY OF WRITING.

> Where the consideration has been fully paid under a contract to give a lien, and no rights of creditors or bona fide purchasers have intervened, the contract is good as between the parties without a writing.

Appeal from Trial Term, Columbia County.

Action by Elizabeth Schermerhorn, as executrix of the last will and testament of Abram L. Schermerhorn, deceased, against Ransen Gardenier. From a judgment for plaintiff (94 N. Y. Supp. 253), defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

E. R. Harder, for appellant.

G. S. Collier (W. A. Hendrickson, of counsel), for respondent.

HOUGHTON, J. The action is to recover a balance of the proceeds of the sale of certain farm produce. The plaintiff's testator was a farmer, and the defendant is a shipper and dealer in farm supplies and general merchandise.

On the trial, without objection, by testimony to which the trial court announced he gave full credence, the defendant proved that for some years prior to the death of plaintiff's testator he advanced to him supplies and moneys to carry on his farming operations, upon the agreement that when his crops and hay were ready for market they should be delivered to the defendant for sale, and out of the proceeds of such sale the defendant should retain his advancements and pay over the balance. A settlement and accounting was had in December, 1902, and the agreement was continued for the farming season of 1903. The defendant paid and advanced to plaintiff's testator, at various times and in various amounts, in pursuance of such agreement, up to the time of his death, which occurred on the 9th of August, 1903, the sum of $509.19. A large part of the merchantable produce consisted of rye and hay. Presumably both were harvested prior to August 9th, and prior to the last advancement on August 4th. This plaintiff was the wife of the testator, and the defendant continued to advance to her, at her request, moneys for carrying on the farm and marketing the crops, and she delivered them to him for sale, and he paid to her the proceeds, after deducting his advancements to her, as well as the advancements which he had made to her husband in his lifetime.

The trial court has found that the plaintiff did not fully understand the agreement between her husband and the defendant with respect to advances made to him, and that the delivery of the hay and farm produce to the defendant was not in execution of such agreement, and that there was no accord and satisfaction when the defendant paid the balance of the proceeds to her, and that the defendant had no right to retain the advancements made to the husband in his lifetime, but must repay the same to the plaintiff for the benefit of her testator's insolvent estate. We think the learned trial court was in error, and that from the undisputed facts he should have found that the defendant had an equitable lien upon the produce of the farm to the exent of the advancements which he had made in pursuance of his contract with the plaintiff's testator.

No rights of bona fide purchasers or attaching creditors are involved. The executrix stands in the same position as would the testator. The consideration was fully paid in cash or its equivalent. The fair interpretation of the contract proved was that the defendant should have a lien upon the hay and crops when they came into existence. The rye was in the ground at the time of the making of the contract. Both the rye and the hay were undoubtedly cut prior to the decease of the testator. Both had, therefore, become personal property in the hands of the testator at the time of his death. These two crops thus harvested were more than sufficient to repay the defendant for the moneys advanced. The defendant's advancements subsequent to the death of the testator can fairly be apportioned to the unharvested crops; for the plaintiff told the defendant she had no money to continue the farming operations, and it was with respect to them and their proper harvesting and preparing for market that expenditures had to be made. If the defendant had gotten possession of the rye and hay by voluntary delivery or otherwise during the lifetime of the testator, there can be no question but he could have satisfied his lien out of them. He subsequently did obtain possession, without intention, however, on the part of the executrix to fulfill the contract with her testator. We are of the opinion, however, that this situation is not fatal to the defendant's rights.

In Coats v. Donnell, 94 N. Y. 168, 177, Andrews, J., says:

"But that a contract for a lien on property not in esse may be effectual in equity to give a lien as between the parties, when the property comes into existence and where there are no intervening rights of creditors or third persons, seems to be established by several decisions in this court."

Parker, J., in Kribbs v. Alford, 120 N. Y. 519, 524, 24 N. E. 811, 812, states the law as follows:

"Invalidity at law imports nothing more than that a mortgage of property thereafter to be acquired is ineffectual as a grant to pass a legal title. A court of equity, in giving effect to such a provision, does not put itself in conflict with that principle. It does not hold that a conveyance of that which does not exist operates as a present transfer in equity, any more than it does in law. But it construes the instrument as operating by way of present contract, to give a lien which, as between the parties, takes effect and attaches to the subject of it as soon as it comes into the ownership of the party. Such we deem the rule to be in equity in this state."

Where the consideration has been fully paid under an agreement to give a lien, and thus so far executed, and no rights of creditors or bona fide purchasers intervene, the contract is good, as between the parties, without writing. Smith v. Smith, 125 N. Y. 224, 26 N. E. 259; Burdick v. Jackson, 7 Hun, 488; Sprague v. Cochran, 144 N. Y. 104, 113, 38 N. E. 1000; National Bank of Deposit v. Rogers, 166 N. Y. 380, 59 N. E. 922.

The rye was sown and the grass was in the ground when the bargain to give defendant a lien for his advancements was made. After both were cut the agreement was further carried out by plaintiff's testator accepting further advancements thereunder. Both, with the other crops of the farm, thereafter came to defendant's possession and were sold by him. We are of the opinion, as the facts were proven upon the trial, that the defendant was entitled to a dismissal of the complaint, and that

the judgment in favor of the plaintiff was erroneous, and should be reversed, and a new trial granted.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.