(110 App. Div. 392.)

### HOWE v. HAGAN et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. INSURANCE—ASSIGNMENT—PLEADING.

In an action by an assignee of a life policy, an answer alleging that prior to the assignment to plaintiff the policy had been assigned to defendant is sufficiently definite, in the absence of a motion to make the same more specific, to permit proof of a prior assignment to defendant as collateral only, instead of an absolute assignment; Code Civ. Proc. § 519, requiring pleadings to be liberally construed with a view to substantial justice.

2. CONTRACTS—CONSIDERATION OF ASSIGNMENT.

An assignment of a life policy, in consideration of the assignee agreeing to become the assignor's wife, is supported by a good consideration, except as against prior creditors or an assignee for value.

3. INSURANCE—ASSIGNMENT OF POLICY—RIGHT OF ASSIGNEE AS AGAINST A SUBSEQUENT ASSIGNEE.

Where an assignee of a life policy delivered to the insured bonds and securities, which he absorbed by pledging them, the assignment was one for value, as against a subsequent assignee in consideration of her agreeing to become the wife of the insured.

4. SAME—VALIDITY OF ASSIGNMENT.

A person paid the consideration for the assignment of a life policy as collateral, relying on the insured's promise to assign same as collateral. The insured executed the assignment, but did not deliver the policy in his lifetime. *Held*, that the assignment was good as against every one except a purchaser in good faith for value.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 480.]

5. CONTRACTS—FAILURE OF CONSIDERATION—EVIDENCE.

Where both parties claimed the proceeds of a life policy as assignee of the policy, plaintiff as assignee in consideration of her promise to marry insured, and defendant as assignee under a prior assignment for a valuable consideration, defendant might show on the cross-examination of plaintiff, or by independent proof, that she was at the time of the assignment to her a married woman, so that there was no consideration for the assignment.

Appeal from Trial Term, New York County.

Action by Katherine B. Howe against Caroline S. Hagan, individually and as administratrix of Peter M. Sillcock, deceased, and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Frank Brundage, for appellants.
John J. Adams, for respondent.

HOUGHTON, J. Peter M. Sillcock died, leaving three policies of insurance upon his life, aggregating $15,000, issued by the Equitable Life Assurance Society of the United States. Prior to his death he

had pledged them to the Equitable Trust Company as collateral security for a loan of $2,400. Upon his death the plaintiff, claiming to be the owner of such policies, brought an action against the insurance company to recover their amount. The defendants also made claim on such policies individually, and the defendant Hagan, as administratrix of the deceased, and the insurance company was permitted by order to make deposit of the moneys, less the sum due to the Equitable Trust Company upon its loan, and these defendants to intervene, to the end that the respective claims of the parties hereto might be determined. Plaintiff then served an amended complaint, which alleged that she was entitled to all of such moneys under an assignment from Sillcock to her. And the defendants by their answer alleged:

"That prior to any assignment of the policies * * * mentioned and set forth in the said complaint and therein alleged to be assigned to the said plaintiff, the said Peter M. Sillcock duly assigned said policies to these defendants, Caroline S. Hagan, Susan M. Chase, and John J. Sillcock, who became entitled thereto."

They denied any knowledge or information sufficient to form a belief as to the validity of the assignment under which the plaintiff claimed. There was also alleged the insolvency of Peter M. Sillcock at the time of his death. Upon the issues thus formed the parties went to trial, on which the plaintiff, to establish her cause of action, introduced in evidence an assignment to her of the policies in question, written upon the back of a letter dated January 9, 1902, to Sillcock from the American Deposit & Loan Company (which subsequently became the Equitable Trust Company), which described the policies as having been pledged as collateral security for the payment of the loan of $2,400. The assignment, which was undated, read as follows:

"I assign all right and title to the policies mentioned on the reverse side of this receipt to my affianced wife, Katherine B. Howe. [Signed]."

She also introduced in evidence a statement, written by the deceased, declaring that he had assigned the policies to her, and had pledged them, with her consent, to secure such loan. No proof was offered, nor was any claim made, that there was any consideration for this assignment, other than that the plaintiff at the time it was made was the affianced wife of the deceased.

The defendants to support the allegations of their answer, introduced in evidence a copy of an assignment, the original having been lost, reading as follows:

"December 12, 1899.

"In consideration of the loans of bonds, stocks, etc., to enable me to make loans of cash money, I assign as additional security, all rights, after payment has been made of any money that may be borrowed against same, my several life insurance policies—i. e. [then follows a list of insurance policies, including those in question]—to John J. Sillcock, Carrie Hagan, Susan Chase for their protection against such loans.

"[$26 in revenue stamps.]　　　　　　　　P. M. Sillcock."

This proof was supplemented by other proof which tended to show that the defendants had actually delivered, prior to the date of the assignment to the deceased, bonds and securities of the aggregate

value of upwards of $20,000, and that at the time of his death he had not paid or accounted to the defendants for their value.

The trial court, in disposing of the issues, as he states in his opinion, did not consider this assignment or these proofs, for the reason that they tended to establish that the policies were assigned as collateral security, while the allegation of the answer was that the assignment was absolute, and that, the proof having failed to establish an absolute assignment, defendants were "out of court." We think the court erred in this view. The answer did not necessarily allege an absolute assignment. Its allegations were that prior to the assignment to the plaintiff the policies in question had been assigned to the defendants, and under this allegation defendants were entitled to prove any assignment which would defeat the plaintiff's claim. If this allegation was not sufficiently definite to satisfy the plaintiff, she should have moved, in advance of the trial, that the defendants make it more definite and certain. Not having done so, she was not in a position to assert that the defendants could not establish any assignment except an absolute one.

Pleadings are to be liberally construed with a view of doing substantial justice between the parties. Code Civ. Proc. § 519; Nat. Contracting Co. v. Hudson R. W. P. Co., 170 N. Y. 443, 63 N. E. 450. Definiteness is not a necessity to a good averment, for that will be deemed to be alleged which can by reasonable and fair intendment be implied from the allegation. Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9; Marie v. Garrison, 83 N. Y. 14. A mere plea of the fact of assignment of a chose in action, or the making of a contract of guaranty, does not necessarily characterize it as absolute, or as security, or original, or collateral. Ward v. Hasbrouck, 169 N. Y. 407, 62 N. E. 434; Id., 52 App. Div. 627, 65 N. Y. Supp. 200.

The issue involved was as to which party was entitled to the proceeds of these policies, both claiming by assignment. Defendants proved an assignment prior in point of time to that of the plaintiff, and they cannot be deprived of what that assignment gave them, because they had not specifically described it in their answer as one given for collateral security. The law does not require such a strict and harsh rule of pleading. It must be borne in mind that the plaintiff had paid nothing for her assignment. There was no consideration for it, other than she had agreed to become the wife of the person making it, which would furnish a good consideration, except as against prior creditors or an assignee for value. If the defendants' proof is to be credited, then they hold a prior assignment of these policies, for which they had paid a valuable consideration by the delivery to the deceased of bonds and securities which he had absorbed by pledging them as collateral for loans to himself.

The fact that the deceased had not, prior to his death, delivered the assignment of the policies to the defendants, is of no importance, if the other facts were found upon which their right to the assignment depended. If they had in fact paid the consideration, relying upon the deceased's promise that he would assign the policies to them as collateral security, and he had done so, but had not actually delivered it, such assignment would be good as against every one except a pur-

chaser in good faith for value. Marie v. Garrison, supra; Smith v. Smith, 125 N. Y. 224, 26 N. E. 259; Sprague v. Cochran, 144 N. Y. 104, 38 N. E. 1000; National Bank of Deposit v. Rogers, 166 N. Y. 390, 59 N. E. 922; Schermerhorn v. Gardenier, 107 App. Div. 564, 95 N. Y. Supp. 494. The trial court should, therefore, have considered the evidence bearing upon the defendants' claim, and his failure to do so was error which calls for a new trial.

We are also of the opinion that error was committed in sustaining objections to questions put to plaintiff on cross-examination, and in excluding letters written by her tending to show that at the time the assignment was made to her she was a married woman. If she were in fact a married woman, she could not have agreed to become the wife of the deceased, and her promise to do so did not furnish any consideration for the assignment to her. The defendants had the right to attack the consideration for the plaintiff's assignment by showing, if they could, and by herself if they might, that she was married, and that in fact there was no valid betrothal between the deceased and her. Because of the theory upon which the case was tried, and for the errors in the exclusion of evidence which we have pointed out, we are of the opinion that justice demands there should be a new trial.

The judgment is reversed, and a new trial granted, with costs to appellants to abide the event.

O'BRIEN, P. J., and McLAUGHLIN, and CLARKE, JJ., concur. INGRAHAM, J., concurs in result.