## (October 30, 1969)

■ SIDNEY JANIS LIMITED, Respondent-Appellant, v. WILLEM DE KOONING, Defendant and Third-Party Plaintiff-Appellant-Respondent, SIDNEY JANIS, Third-Party Defendant.

CROSS APPEALS from an order of Special Term of the Supreme Court, entered May 13, 1969 in New York County. Defendant appeals from that part of said order which failed to limit plaintiff's lien and granted summary judgment on the eighth cause of action. Plaintiff appeals from that part of said order which denied a motion by plaintiff for an order dismissing the third and fourth causes of action alleged by defendant.

*Per Curiam.* Defendant and third-party plaintiff appeals from so much of an order entered May 13, 1969 in this consolidated action as failed in specified respects to limit plaintiff's lien, and in some particulars with respect to the granting of summary judgment to plaintiff on its eighth cause of action, and insofar as the order allegedly does not accurately reflect the opinion of the court.

Plaintiff cross-appeals from so much of the same order as denied its motion to dismiss the third and fourth causes of action alleged by defendant and third-party plaintiff (defendant), and denied summary judgment thereon.

From 1952 to sometime in 1965 plaintiff acted as agent for the sale of paintings by defendant, a well-known artist, for an agreed commission on such sales. Advances of money were made by plaintiff to or on behalf of defendant on which there is an alleged balance due of $3,948.68 which was tendered by defendant. The agency, as indicated, was terminated in 1965. Plaintiff retains certain paintings belonging to defendant which it claims to hold not only for advances made, but for commissions to become due on future sales as well as for commissions allegedly due on sales made by defendant to others of defendant's paintings. Plaintiff claims a right of security upon the paintings now in its possession for advances made and commissions due or to become due. Plaintiff sought and was granted under its eighth cause of action foreclosure of his alleged lien on the collateral security for the monetary advances and which included all commissions allegedly due in respect of sales made.

Defendant was granted summary judgment on his first cause of action for the return of the paintings subject to such lien. Plaintiff's eighth cause and defendant's first cause were severed and a reference ordered to determine the value of plaintiff's advances and all commissions due in respect of sales made.

Former section 182 of the Lien Law, in effect at the time of the delivery of the paintings and the making of the advances, related to a factor's lien on merchandise. It provided for a lien " 1. For any money advanced or negotiable security given by such consignee, to or for the use of the person in whose name such shipment is made ". In the absence of a contract between the parties, the statutory lien does not extend beyond the advances made (cf. General Business Law, § 220; *Schermerhorn* v. *Gardenier*, 107 App. Div. 564, affd. 184 N. Y. 612; *Penn Oil Prods. Refining Co.* v. *Willrock Producing Co.*, 242 App. Div. 425, 429). Plaintiff premises its claim of a security interest upon an alleged oral statement by defendant's financial advisor in consideration of plaintiff's delivery in 1962 of a guarantee for a $50,000 loan by a bank to defendant. Admittedly the loan has been paid by defendant and a cause of action based thereon was dismissed on consent. We find no contract between the parties which supports an equitable lien.

Defendant's third cause of action seeks damages for alleged breaches of the parties' agreement by reason of self-dealing, etc. As there set forth the allegations do not meet the standards of particularity required by statute (CPLR 3013, 3014). Defendant's fourth cause of action is predicated upon alleged violations by plaintiff of sections 50 (right of privacy) and 51 (injunction and damages) of the Civil Rights Law. As pleaded this cause is insufficient. It suffers also from the same criticism which is directed toward the third cause. It may be that defendant can adequately plead the alleged grievances claimed to exist and he should be afforded an opportunity to do so.

Accordingly, the appeal and cross appeal are disposed of as hereinafter set forth. The third ordering paragraph of the order appealed from should be modified, on the law, to limit the extent of plaintiff's lien to the amount of $3,948.68, moneys allegedly advanced to or on behalf of defendant. Plaintiff's motion to dismiss defendant's third and fourth causes of action should be granted, with leave, however, to defendant to replead such causes in proper form should defendant desire to do so. As so modified the order appealed from should be otherwise affirmed, without costs to either party.

Stevens, P. J., Eager, Markewich, Nunez and Macken, JJ., concur.

Order entered on May 13, 1969, unanimously modified, on the law, to provide that the third ordering paragraph of the order appealed from shall limit the extent of plaintiff's lien to the amount of $3,948.68, moneys allegedly advanced to or on behalf of defendant. Plaintiff's motion to dismiss defendant's third and fourth causes of action is granted, with leave, however, to defendant to replead such causes in proper form should defendant desire to do so. As so modified the order appealed from is otherwise affirmed, without costs or disbursements to either party.